DA 12-0513

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 302N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

DAVID WAYNE HYSLOP,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC 11-236
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Wade Zolynski, Chief Appellate Defender, Koan Mercer, Assistant Appellate
Defender; Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
Attorney General; Helena, Montana

            John Parker, Cascade County Attorney, Susan Weber, Deputy County
Attorney; Great Falls, Montana

Submitted on Briefs:  September 26, 2013
Decided:  October 15, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      David Wayne Hyslop appeals from his conviction of the crime of deliberate homicide in the Eighth Judicial District Court, Cascade County.  We affirm.

¶3      The issue on appeal is whether the District Court erred in allowing a felony murder charge predicated upon the underlying felony of assault on a minor.

¶4      Hyslop was convicted of deliberate homicide under the felony murder provision of § 45-5-102(1)(b), MCA, for causing the death of two-year-old O.P. in the course of committing assault on a minor.  Hyslop was caring for O.P. on June 23, 2011, while her mother, Kristy Perez, was attending classes.  Hyslop wanted O.P. to take a nap in her bed, which was in a portion of the basement with a concrete floor.  Hyslop's brother testified that he heard Hyslop shouting at O.P. to go to bed, followed by a series of dull "thud" sounds. Hyslop told police that he either threw or dropped O.P., causing her head to hit the concrete floor.  He was immediately concerned because O.P. did not cry and her body began to spasm.  He believed she was unconscious.  Hyslop then put O.P. in her bed, went upstairs, and left her alone without medical attention for at least three hours.  He told his brother that O.P. was sleeping and that the sounds had been Hyslop hitting his head in the laundry room.

2

¶5     When Perez returned home, she heard O.P. whimpering and moaning from the basement. Hyslop told her that O.P. was just having a bad dream. Perez went to the basement to check on O.P., and called 911 when she could not wake her. O.P. was transported to the emergency room at Benefis Hospital in Great Falls, and later to Primary Children's Hospital in Salt Lake City, Utah, where she died on June 25, 2011. The cause of death was severe head trauma. An autopsy revealed extensive swelling and bleeding throughout her brain. It also showed that she had suffered an unusual and catastrophic spinal injury, consistent with her body having been bent forcefully over a solid object. There was evidence of a number of previously healed injuries that were not consistent with normal household accidents.

¶6     At trial, Hyslop made three motions arguing that assault on a minor, a bodily injury offense, could not serve as a predicate offense for the charge of felony murder. Hyslop allowed that the State had presented evidence sufficient to prove that O.P. had suffered severe injuries which led to her death. He argued, however, that "bodily injury," defined at § 45-2-101(5), MCA, as "physical pain, illness, or an impairment of physical condition," was distinct from "serious bodily injury," defined at § 45-2-101(66), MCA, as injury that "creates a substantial risk of death" or "causes serious permanent disfigurement." In his first motion, Hyslop argued that by presenting evidence proving a serious bodily injury rather than a bodily injury, the State had failed to prove the underlying offense of assault on a minor. In his second motion, he claimed that the State had not proven causation between assault on a minor and O.P.'s death, because, by definition, only a serious bodily injury offense could

3

result in death. Finally, Hyslop argued that allowing a bodily injury offense to serve as a predicate for felony murder constituted an arbitrary interpretation of the felony murder statute, because the legislature intended "bodily injury" and "serious bodily injury" to have distinct meanings. The motions were denied. The jury found Hyslop guilty of deliberate homicide, and he was sentenced to 100 years in prison with no eligibility for parole.

¶7 On appeal, Hyslop raises a substantive due process argument. He claims that the felony murder statute is not rationally related to a legitimate state purpose, because it allows "any other forcible felony" to serve as a predicate for felony murder, including those that do not require conduct likely to result in death. Section 45-5-102, MCA. Hyslop argues that the purpose of the felony murder statute is to punish conduct likely to result in death, and the "any other forcible felony" provision is not rationally related to this purpose.

¶8 This Court conducts plenary review of questions of constitutional law. *State v. Egdorf*, 2003 MT 264, ¶ 12, 317 Mont. 436, 77 P.3d 517. A statute is presumed constitutional, and any doubts must be resolved in favor of the statute. *Egdorf*, ¶ 12. The party challenging the statute has the burden of proving that it is unconstitutional beyond a reasonable doubt. *Egdorf*, ¶ 12. A party may not raise new arguments or change its legal theory on appeal. *State v. Heath*, 2004 MT 58, ¶ 39, 320 Mont. 211, 89 P.3d 947. An issue not addressed below may, however, be reviewed for plain error where fundamental constitutional rights are implicated and this Court is "firmly convinced" that failure to review the issue "would result in a manifest miscarriage of justice, call into question the fairness of the trial or proceeding, or compromise the integrity of the judicial process." *State v. Taylor*,

2010 MT 94, ¶¶ 12-17, 356 Mont. 167, 231 P.3d 79. This Court invokes plain error review sparingly, on a case by case basis, after considering the totality of the circumstances. *State v. Wilson*, 2011 MT 277, ¶ 16, 362 Mont. 416, 264 P.3d 1146.

¶9     The State argues that Hyslop did not raise his present substantive due process argument before the District Court, and thus has waived the issue on appeal. We agree. In the District Court, Hyslop claimed that the felony murder statute had been applied to him in a way that violated his rights of procedural due process. His first two arguments were premised on the alleged insufficiency of the State's trial evidence to prove the offenses charged. His third argument was based on legislative intent. By contrast, on appeal, Hyslop "maintains that the State's trial evidence is not relevant," and "does not dispute that the Legislature intended to apply felony murder to an assault on a minor." Instead, he argues that the felony murder statute is facially invalid under substantive due process. This is a new argument, and therefore, we decline to address it.

¶10     Alternatively, Hyslop argues that this Court should hear his substantive due process argument pursuant to plain error review. We decline. In light of the circumstances of this case, we are not "firmly convinced" that failure to address Hyslop's argument will "result in a manifest miscarriage of justice, call into question the fairness of the trial or proceeding, or compromise the integrity of the judicial process." *Taylor*, ¶ 17.

¶11     Though we decline to address Hyslop's argument on appeal, we note that the issues raised in the District Court were determined by our recent decision in *Hicks*, in which we held that assault on a minor can support a charge of felony murder. *State v. Hicks*, 2013 MT

50, ¶¶ 20-22, 369 Mont. 165, 296 P.3d 1149.  There, we held that any forcible felony, defined as one that "'involves the use or threat of physical force or violence against any individual,'" may serve as a predicate offense.  *Hicks*, ¶ 20 (quoting § 45-2-101(24), MCA).  Assault on a minor is a forcible felony.  *Hicks*, ¶ 22.  Here, the State was required to prove beyond a reasonable doubt that Hyslop committed an assault on a minor, O.P., and in so doing, caused her death.  The jury found that the State had met its burden.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions.

¶13    Affirmed.


                                        /S/ MIKE McGRATH

We concur:


/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE